No. 17,221.

## ANDERSON *v.* ANDERSON, ADMINISTRATOR.

SUPREME COURT PRACTICE.—*Rehearing.—Erroneous Decision.—Correct Result.*—Where a correct result was reached through an erroneous but harmless decision on original hearing, a rehearing will not be granted.

SAME.—*Rehearing.—Judgment Sustained by Evidence.*—If the evidence fully sustains the judgment upon every material point, and a rehearing would necessarily result in the judgment being affirmed, a rehearing will be denied.

From the Ripley Circuit Court.

*S. M. Jones* and *F. S. Jones*, for appellant.

*J. L. Benham* and *C. H. Wilson*, for appellee.

JORDAN, J.—Appellant was made a party defendant in the lower court to an action by appellee to foreclose a mortgage against the mortgagees, to answer as to his interest in and to the mortgage and note in suit.

Upon the issues joined between the appellant and appellee there was a trial, which resulted in the court adjudging that the former had no interest or title in or to the note and mortgage in question.

Appellant unsuccessfully moved for a new trial upon the alleged reasons that the decision was not sustained by sufficient evidence and that the same was contrary to law. The overruling of this motion is the only error assigned.

The judgment was rendered and the motion for a new trial overruled on the 27th day of September, 1892, being the twentieth judicial day of the September term of the Ripley Circuit Court.

A bill of exceptions purporting to contain the evidence in the cause was signed by the trial judge on December 22, 1892, and filed on the 26th of that month.

Upon an examination of the record it does not appear that appellant was granted special leave by the court be-

Anderson *v.* Anderson, Administrator.

yond the September term, at which his motion for a new trial was overruled, to file this bill of exceptions, as provided by section 626, R. S. 1881; section 638, R. S. 1894. This court judicially knows that the September term of the Ripley Circuit Court did not extend beyond the month of October, and hence time beyond the term not having been granted, there was no authority, under the statute, for appellant to file the bill of exceptions in question after the close of the September term of court. Therefore, it follows that the evidence is not properly before us, and no question as to its sufficiency is presented for the consideration of this court.

Judgment is affirmed, at the cost of appellant.

Filed April 10, 1895.

## ON PETITION FOR A REHEARING.

JORDAN, J.—Appellant prays a rehearing herein for the reason that this court erred, upon the original hearing, in holding that the record did not disclose that the trial court had granted leave to file bills of exceptions beyond the term, at which the final order was made, overruling the motion for a new trial. Upon a re-examination of the transcript, we find that the appellant's contention is true. At an unusual and obscure place in the record, which is somewhat in confusion, unmarked by marginal notes, we find an entry of leave given, and hence this may explain why we failed to discover the same upon the former hearing.

The only question presented by the appeal is as to the sufficiency of the evidence to sustain the judgment of the lower court.

We have carefully read and examined the evidence in the bill of exception, and find that it fully sustains the judgment upon every material point, and if we were to set aside the judgment of affirmance, and reopen the

case, upon this question, a rehearing would necessarily result in the judgment being affirmed. Therefore, a correct result having already been reached, we are not required, in order to correct a harmless holding or decision, upon the former hearing, to grant the petition for a rehearing, as complete justice to the appellant has already been secured.

The petition is, therefore, overruled.

Filed June 14, 1895.